UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF STOCKTON, et al., <br><br> Defendants. | No. 2:20-cv-00131 KJM AC PS <br><br><br> ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### A. The Complaint

Plaintiff brings suit against the City of Stockton, multiple Stockton police officers, Superior Court Judge J. Northup, state court employees, individuals who appear to be private attorneys and state prosecutors, and 25 "other unnamed defendants." ECF No. 1 at 1. Plaintiff characterizes this case as a "civil rights suit at-law" and references numerous portions of the U.S. Constitution. Id. The complaint is very difficult to understand because of the manner in which it is written. Plaintiff references an instance in which he was prevented from attending the Bible College of his choice. Id. at 2. Plaintiff refences a conspiracy amongst Stockton and San Joaquin police officers. Id. at 6. Plaintiff alleges the San Joaquin Court system is a criminal enterprise engaged in conspiracies. Id. at 7. Plaintiff alleges he was falsely arrested by "friends of Kelly and Nicky Morris" in the Stockton police department. Id. Plaintiff alleges his rights were violated because he was not served a copy of an alleged restraining order before being arrested. Id. at 9. Plaintiff alleges the San Joaquin County Probation Department searched his apartment unlawfully without a warrant on December 14, 2019. Id. at 11-12. Plaintiff appears to contend that his education at Bible College was interrupted or interfered with when a restraining order was placed against him. Id. at 17-19.

### B. Analysis

Plaintiff's complaint cannot be served because it does not state any cognizable legal claim as required by Fed. R. Civ. P. 12(b)(6) and because it does not contain a "short and plain" statement setting froth plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3). The exact nature of what happened to plaintiff is unclear from the complaint, which does not present any clear legal claims or an understandable narrative to support plaintiff's claims. The court cannot tell from examining the

complaint what legal wrong was done to plaintiff, by whom and when, or how any alleged harm is connected to the relief plaintiff seeks. Accordingly, the complaint does not contain a short and plain statement of facts, and it does not state a claim upon which relief can be granted.

The court also notes that at least one defendant, a judge, is likely immune from suit. "[G]enerally, a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). Judicial immunity applies unless (1) the actions in question are nonjudicial; or (2) the actions in question, though judicial in nature, were taken in complete absence of jurisdiction. Id. at 11-12. Here, the complaint does not contain any facts that suggest either exception applies. Court employees may also come within the scope of the immunity, which extends "in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" In re Castillo, 297 F.3d 940, 948 (9th Cir. 2002) (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). Similarly, prosecutors are entitled to immunity for acts that come within the scope of their prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976).

Rather than recommending dismissal of the action at this time, the undersigned will provide plaintiff an opportunity to amend his complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement that alleges and supports specific legal claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what

happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you. Because the complaint as written does not present a clear set of facts or clear legal claims, it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations

5

affected you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that names defendants who are amenable to suit, and which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: March 2, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE