UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF STOCKTON, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-00131 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff was previously granted authority to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 3. His initial complaint was rejected with leave to amend. Id. Plaintiff submitted a First Amended Complaint ("FAC") on April 20, 2020. ECF No. 7. Plaintiff subsequently submitted a motion to amend, asserting that he had submitted the FAC before receiving the order to amend his complaint. ECF No. 8. The motion was granted. ECF No. 9. The Second Amended Complaint ("SAC"), ECF No. 10, is now before the Court for screening.

## I.     LEGAL STANDARD

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Min. Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S.

at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

## II.     ANALYSIS

A. The Complaint

The SAC seeks relief against the City of Stockton, several police officers, court officers, Kelly Morris and Nicky Morris and their attorneys, and 25 unnamed defendants.  ECF No. 10 at 1.  Plaintiff asserts claims of constitutional violations under 42. U.S.C. §§ 1983 and 1985, along with state law claims.  Id.  He alleges seven causes of action: (1) "Conspiracy and Denial of my 1st Amendment Right of Freedom of Religion and Religious Freedom 4th 14th amend. Unlawful Arrest and Seizure of my Person . . . and (1)(a) Actual Interference With my 1st Amendment Freedom of Religion;" (2) "Protective Stay Away Order Temporary Restraining Order denying me access to Christin Life Church and the Bible College Deprivation of 1st Amend Right to Freedom of Religion Education, Religious Freedom . . . (2)(a) Actual Interference with and denial of my Inalienable right to 1st Amendment Right to Freedom of religious education and Association;" (3) "False Arrest Without Warrant No Probable Cause;" (4) [repeated previous claims]; (5) "Interference with Inalienable Right to Justice and Court Process;" (6) "Damage to my Good Name Integrity and Person;" and (7) "Emotional Distress."  ECF No. 10 at 8-23.  Plaintiff seeks several million dollars in damages, including punitive damages, and criminal penalties.  Id. at 24-25.

The first portion of plaintiff's SAC makes legal arguments regarding jurisdiction, standing, venue, and the legal standards that should be applied.  Id. at 1-8.  In his recitation of facts, plaintiff states that the "conspiracy starts out all because a considerably younger woman loves me and I fell in love with her also back."  Id. at 9.  The woman at issue, "Chloe," attended Christian Life College.  Id.  Chloe's mother, Niki Morris, did not like plaintiff because of his "personal difference in the rapture belief."  Id.  Plaintiff alleges Niki Morris coerced her daughter into obtaining, or obtained on her behalf, a restraining order against plaintiff.  Id.  Plaintiff alleges

3

that within one week he was falsely arrested and that at least one of the arresting officers was a friend or family member of Niki Morris. Id. at 10.

Plaintiff alleges the Morris family, the Stockton police officers, and San Joaquin county acted in a conspiracy. Id. They used their court process to coerce him into a guilty plea. Id. Plaintiff alleges he was not served a copy of the restraining order before being held in civil contempt, rendering the restraining order unenforceable. Id. He asks the court to withdraw his no contest plea. Id. Plaintiff also alleges his right to religious freedom was violated because the restraining order prevents him from worshiping at Christian Life Church. Id. at 12-13.

### B. The SAC Does Not State a Claim

Plaintiff's complaint cannot survive because it does not state any cognizable legal claim as required by Fed. R. Civ. P. 12(b)(6). The claims asserted in the SAC are best construed as follows: (1) false arrest, (2) violation of first amendment religious freedom, (3) violation of first amendment freedom of association, (4) violation of constitutional right to due process, (5) defamation, and (6) intentional or negligent infliction of emotional distress. The facts alleged in support of these putative causes of action do not state any federal claim, and the court should decline jurisdiction over remaining state claims.

#### 1. The SAC does not state a claim for false arrest

In order to state a Section 1983 claim for an unconstitutional arrest, plaintiff must allege facts showing that he was arrested without probable cause or other justification. Dubner v. City & County of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification"). To prevail on claims for false arrest and imprisonment, plaintiff "would have to demonstrate that there was no probable cause to arrest him," and he has made no such allegation. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). Plaintiff's conclusory statement that he was "falsely arrested" is not sufficient. ECF No. 10 at 10. Moreover, the SAC indicates that plaintiff pled no contest to the charges. See id. To the extent the false arrest allegations relate to plaintiff's conviction, "finding there was no probable cause would 'necessarily imply' that [plaintiff's] conviction ... was invalid" and the claims would

4

therefore not be cognizable under Heck v. Humphrey, 512 U.S. 477 (1994)." Cabrera, 159 F.3d at 380.  Accordingly, plaintiff's SAC does not state a claim for false arrest and could not be amended to do so.

### 2. The SAC does not state a claim for violation of religious freedom

Plaintiff asserts that his constitutional right to religious freedom was violated because the restraining order discussed above prevents him from attending his particular church of choice. ECF No. 10 at 12-13.  A restraining order barring an individual from a particular place of worship, for cause, does not violate the First Amendment.  "Although the guarantee of religious freedom of the First Amendment of the Constitution of the United States is binding on the states under the due process clause of the Fourteenth, Cantwell v. State of Connecticut, 310 U.S. 296, 303 (1940), the states may nevertheless regulate conduct for the protection of society, and insofar as such regulations are directed towards a proper end and are not discriminatory, they may indirectly affect religious activities without infringing the constitutional guarantee.  Although freedom of conscience and the freedom to believe are absolute, the freedom to act is not." Pencovic v. Pencovic, 45 Cal. 2d 97, 102–03 (1955).  The SAC does not state any facts indicating that the protective order targeted plaintiff's practice of his religion.  Rather, the SAC explains that the person the restraining order was entered to protect attends the church in question.  Plaintiff simply makes the conclusory assertion that the civil restraining order is not valid because it was issued as part of a conspiracy.  ECF No. 10 at 9.[1]  The facts underlying this claim do not, as a matter of law, violate plaintiff's right to religious freedom.

### 3. The SAC does not state a claim for violation of freedom of association

Plaintiff alleges that his right to free association was violated because he was prevented from attending Christian Life College by enforcement of the civil restraining order discussed above, which he alleges is "just a farce[.]"  ECF No. 10 at 16.  This claim fails for reasons similar to the religious freedom claim.  The First Amendment protects individuals from undue

---

[1] To the extent plaintiff bases this case on the invalidity of his conviction pursuant to the restraining order, as mentioned above, the "Heck bar" operates to prevents a suit for damages based on a state conviction absent evidence that the conviction has already been overturned. Heck, 512 U.S. 477.

interference with their freedom of speech, assembly, and expressive association. U.S. CONST., amend. I; De Jonge v. State of Oregon, 299 U.S. 353, 364 (1937). The right of an individual to free association is, however, not unbounded. Once again, the "freedom of expressive association is not absolute; it can be overridden by regulations adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." Boy Scouts of Am. v. Dale, 530 U.S. 640, 640–41 (2000) (internal citations omitted).

Here, plaintiff claims his freedom to associate with the religious institution of his choice is being impinged upon by a restraining order that he alleges is a "farce." ECF No. 10 at 16. However, plaintiff's SAC fails to state any facts, other than the conclusory allegation that the restraining order is invalid, to support his assertion that a constitutional violation has occurred. Further, the facts plaintiff does allege makes clear that the restraining order at issue was not overbroad, because it was allegedly issued to protect a woman who attended the bible college at issue. Finally, there is no indication in the SAC that the order preventing plaintiff from attending the bible college was related to any suppression of ideas, as opposed to the physical protection of another person. The facts giving rise to this claim do not support a claim for violation of plaintiff's right to freely associate.

### 4. The SAC does not state a due process claim

In order to state a Section 1983 claim for violation of due process rights, plaintiff "must allege facts that, if true, show that ... [defendants] deprived him of a constitutionally protected liberty or property interest without due process." Knappenberger v. City of Phoenix, 566 F.3d 936, 940 (9th Cir. 2009). Plaintiff alleges that he was not served a copy of the restraining order against him before he was arrested, and this was a violation of his due process rights. ECF No. 10 at 11. Plaintiff relies on Koehler v. Superior Court, which is a habeas corpus case pointing out that "a contempt citation must be served personally." Koehler v. Superior Court, 181 Cal. App. 4th 1153, 1169 (2010). This case is not on point; it is about a court's decision to hold an individual in civil contempt, not the enforcement of a restraining order. In any case, the SAC simply does not allege facts sufficient to indicate there was a due process violation. The

6

conclusory assertion that plaintiff was unlawfully arrested before being served with the restraining order does not suffice; he gives no indication as to why he was arrested, and he says nothing about the process leading up to his no contest plea. Plaintiff's SAC thus fails to state a due process claim. Moreover, any due process violation infecting the validity of plaintiff's conviction is a matter that falls outside the scope of § 1983 and is Heck-barred.

          5.   The Court should decline jurisdiction over remaining state law claims

Jurisdiction in this case is based on the existence of federal questions, pursuant to 28 U.S.C. § 1331. ECF No. 10 at 6.[2] As discussed above, each of plaintiff's federal law claims warrant dismissal for failure to state a claim. With the dismissal of plaintiff's federal claims, the court has the discretion to either adjudicate plaintiff's remaining state law claims or dismiss them. See Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims...."). When a court dismisses a plaintiff's federal claims on the merits, and declines to adjudicate his supplemental state law claims, "the preferable course of action is dismissal of the remaining claims without prejudice." Montazer v. SM Stoller, Inc., 363 F. App'x 460, 462 (9th Cir. 2010) (citing Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989)). The court will, accordingly, recommend that the court decline to adjudicate plaintiff remaining state law claims and dismiss them without prejudice.

    C.  Futility of Amendment

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

---

[2] Plaintiff also alleges there is diversity jurisdiction in this case because he is a "Citizen of California and the Incident happened all within the State of California." ECF No. 10 at 6. Because plaintiff and most, if not all, defendants are citizens of the same state, there is no diversity jurisdiction here. 28 U.S.C. § 1332.

7

the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))).  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.

Plaintiff has twice amended his complaint, and has continually failed to state any claim.  Further, the contents of his SAC strongly indicate that another opportunity to amend would not result in a complaint that states a claim.  First, for the reasons explained above, the events about which plaintiff complains do not, as a matter of law, violate his federal rights.  Second, to the extent that plaintiff alleges his conviction is unconstitutional, such matters do not give rise to cognizable claims under § 1983.  See Heck, supra.  Third, to the extent that plaintiff challenges the constitutionality of the restraining order, the federal court lacks jurisdiction to review state court judicial rulings.  See Branson v. Nott, 62 F.3d 287, 291 (9th Cir.) (no jurisdiction over § 1983 claims challenging validity of state court orders), cert. denied, 516 U.S. 1009 (1995).  Leave to amend would therefore be futile and should be denied on that basis.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### III.   CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's Second Amended Complaint (ECF No. 10) be dismissed, that no further leave to amend be granted, and that this case be closed.  Dismissal should be without prejudice as to the state law claims only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file

////

////

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE